IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| Natasha L. Green and Shilon L. Green, | ) | C/A No. 4:11-cv-02437-RBH-KDW |
|---|---|---|
| Plaintiffs, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Jim Walter Home Company, LLC, Walter Mortgage Company, LLC, and James Owen, | ) | |
| Defendants. | ) | |

Plaintiffs Natasha L. Green and Shilon L. Green ("Plaintiffs" or "the Greens") filed this action in the United States District Court, Florence Division, on September 12, 2011. ECF No. 1. Proceeding pro se, Plaintiffs seek recovery against Defendants Jim Walter Home Company, LLC ("Jim Walter"), Walter Mortgage Company, LLC ("Walter Mortgage"), and James Owen ("Owens").[1] Plaintiffs assert causes of action for breach of contract, fraud, and violation of the South Carolina Unfair Trade Practices Act. This matter comes before the court on the motion of Defendants Jim Walter and Walter Mortgage for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure (ECF No. 26) and the motion of Defendant Owens for dismissal pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (ECF No. 22). Defendants Jim Walter and Walter Mortgage argue that Plaintiffs' claims are barred by res judicata. Defendant Owens argues that the Complaint against him should be dismissed for lack of jurisdiction. Having carefully considered the parties' briefs,

---

[1] The defendant named as "James Owen," who was the building contractor for the Greens' house, states his correct name is James D. Owens, II. *See* ECF No. 22.

the undersigned submits this report[2] recommending Defendants' dispositive motions (ECF Nos. 22, 26) be granted.

I. Factual Background

On March 7, 2007, Plaintiffs entered into a construction agreement in which Jim Walter agreed to build a house for them on credit. ECF No. 34-1 at 1-4. The Greens also executed a financing agreement wherein they promised to pay to Jim Walter the sum of $123,330.00 plus a finance charge. ECF No. 34-1 at 5-7. In the financing agreement, the Greens agreed to execute and deliver to Jim Walter a mortgage on the subject real property to secure the construction of the house. ECF No. 34-1 at 6. The Greens executed the subject mortgage which was recorded in the Office of the Clerk of Court for Chesterfield County in Book 419 at page 960. ECF Nos. 34-1 at 9-10, 26-3 ¶ 6. The Greens were not represented by an attorney at the closing. ECF No. 34 at 1. Thereafter, by assignment dated January 8, 2008, and recorded in the Clerk of Court's Office, Jim Walter assigned the mortgage to Walter Mortgage. ECF No. 26 at 2. Jim Walter constructed the house, and on or about June 29, 2007, released the house to the Greens who signed the Tender Acknowledgement/Completion Certificate. ECF No. 34-1 at 85. According to the Greens, they complained to the construction manager about certain aspects of the construction before signing the Tender Acknowledgement/Completion certificate, but went forward with signing it at the behest of the construction manager. ECF No. 34 at 2. The Greens allege the additional work requested was not completed until October 16, 2007. *See* ECF No. 34. The Tender Acknowledgment/Completion certificate provides in part that the home had been

---

[2] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 73.02(B)(2)(e), D.S.C. Because the motions discussed herein are dispositive, this report and recommendation is entered for the district judge's consideration.

built according to the parties' contract, that the Greens had inspected the home, that there is no further work to be done, and that they accept release of the home and assume full responsibility for it and the contracted items. ECF No. 34-1 at 85. The certificate also states that the Greens' obligation to make monthly home payments would begin as agreed upon. ECF No. 34-1 at 85. Under the terms of the construction and financing agreement, payments were to start August 5, 2007. ECF No. 34-1 at 5, 26 at 3.

The Greens allege that after the requested work was done, they requested a Certificate of Occupancy from Chesterfield County but were informed the house failed to pass inspection. ECF No. 34 at 3. Because they felt they were not responsible for the house's failure to pass inspection, they refused to make their mortgage payments. ECF No. 34 at 3. When the Greens had failed to make any mortgage payments by January 16, 2008, Walter Mortgage commenced a foreclosure action in the Court of Common Pleas, in the County of Chesterfield. ECF No. 26 at 3. No deficiency judgment was demanded. ECF No. 26 at 3. The Greens answered and counterclaimed against Jim Walter ("the prior state court action"). ECF No. 26-1. The Answer, submitted by the Greens' attorney at the time, admitted to the execution of the construction and financing agreements. ECF No. 26-1. The Answer and Third Party Complaint alleged unconscionability, criminality, breach of contract, fraud and misrepresentation, and Unfair Trade Practices. ECF No. 26-1. On November 11, 2008, the third party claims against Jim Walter were submitted to binding arbitration. ECF No. 26 at 3. The Greens were represented by their attorney. ECF No. 26 at 3. The arbitrator issued his award on the third-party claims on December 3, 2008, stating:

> The undersigned James L. Bruner, the duly appointed arbitrator in the above-captioned action, having received the evidence presented by the parties and considered the argument of counsel for each party, hereby makes the following award with respect to all issues framed

> by the third party pleadings and in accordance with the South Carolina Uniform Arbitration Act:
>
>> The Third-Party Defendant shall pay to the Third-Party Plaintiffs the sum of $4,300.00.
>
> This award is in full satisfaction of all claims and issues framed by the third-party pleadings in the above-referenced case. The claims and issues framed by the first-party pleadings are not within the scope of the parties' arbitration agreement and are not considered or decided herein. Each party shall bear his own attorneys' fees and costs.

ECF No. 26-2.

Jim Walter paid the arbitration award in full to the Greens, and the third party action was dismissed with prejudice. On or about February 6, 2009, Walter Mortgage moved for summary judgment on the first party foreclosure action. ECF No. 26 at 4. A special referee heard the motion on May 28, 2009, and granted it by order dated July 20, 2009. ECF No. 26-3. The Greens were represented at the hearing by their attorney. ECF No. 26 at 4. On September 8, 2009, The Greens refused to post a bond to stay the foreclosure sale as required by S.C. Code Ann. § 18-9-170 (1976), and on September 8, 2009 the property was sold to the highest bidder, Walter Mortgage, which was deeded the house on September 14, 2009. ECF No. 26 at 4. The Greens appealed the grant of foreclosure to the Court of Appeals, which affirmed the special referee's order on February 23, 2011. ECF No. 26-4. They then filed a petition for rehearing, which the Court of Appeals denied on March 25, 2011. ECF No. 26-5. The Greens then filed this action.

II. Discussion

A. Standard of Review

A federal court must liberally construe pleadings filed by pro se litigants to allow the development of potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972). The

requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a claim. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir.1990). Nor can the court assume the existence of a genuine issue of material fact when none exists. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

B. Analysis

1. Res Judicata

"[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Weston v. Margaret J. Weston Medical Center*, C.A. No. 1:05-2518-RBH, 2007 WL 2750216 at *1 (Sept. 20, 2007) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)). This court must accordingly "analyze South Carolina law pertaining to res judicata to determine whether this action is barred by the earlier state action." *Weston*, 2007 WL 2750216 at *1.

South Carolina law regarding the doctrine of res judicata is set forth in *Plum Creek Development Co., Inc. v. City of Conway,* 512 S.E.2d 106 (S.C. 1999) as follows:

> Res judicata bars subsequent actions by the same parties when the claims arise out of the same transaction or occurrence that was the subject of a prior action between those parties. Under the doctrine of res judicata, "[a] litigant is barred from raising any issues which were adjudicated in the former suit and any issues which might have been raised in the former suit." To establish res judicata, the defendant

5

> must prove the following three elements: (1) identity of the parties; (2) identity of the subject matter; and (3) adjudication of the issue in the former suit.

512 S.E.2d at 109 (internal citations omitted).

Defendants argue that res judicata bars the present case because the claims herein arise out of the same transaction or occurrence that has already been litigated in a prior action between the parties, in which Plaintiffs in this case answered and counterclaimed on February 27, 2008. ECF No. 26-1. There is indeed identity of the parties between this case and the prior state court action: the Greens, Jim Walter, and Walter Mortgage are parties to both suits. Thus, the first element is satisfied. Element two requires identity of subject matter, which is also present here. Both cases concern the Greens' problems with the building and mortgage of their house by Jim Walter and Walter Mortgage and with the documents they signed pertaining thereto. *See* ECF Nos. 1, 26-1.

Finally, to satisfy the third element of the doctrine of res judicata, there must have been an adjudication of the issue in the former suit. In the prior state court action, the Greens claim, in the form of a third-party complaint against Jim Walter, that the Construction Agreement, Finance Agreement, and Mortgage entered into by the parties are unconscionable and should not be enforced, and that the documents were procured by crime and should not be enforced. They also allege breach of contract, fraud and misrepresentation, and Unfair Trade Practices. ECF No. 26-1. These claims were litigated in a binding arbitration, ECF No. 26-2, which was later affirmed by the South Carolina Court of Appeals, ECF No. 26-4.

In the arbitration decision, dated December 3, 2008, the arbitrator stated, "This award is in full satisfaction of all claims and issues framed by the third-party pleadings[,]" ECF No. 26-2, which is a reference to the claims the Greens had against Jim Walter in their Answer

and Third-Party Complaint in the prior state court action. The arbitrator further stated, "The claims and issues framed by the first-party pleadings are not within the scope of the parties' arbitration agreement and are not considered or decided herein." ECF No. 26-2. This means that only the foreclosure action brought by Walter Mortgage against the Greens remained to litigate and was not covered by the arbitration decision.

In the foreclosure action that remained in state court, Walter Mortgage filed a motion for summary judgment pursuant to Rule 56 of the South Carolina Rules of Civil Procedure. In a motion for summary judgment, the movant argues that even viewing the record evidence in the light most favorable to the opposing party, there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law. S.C. R. Civ. P. 56(c). In determining whether summary judgment should be granted, the judge considers the pleadings, depositions, answers to interrogatories, and admissions. *Id*. If summary judgment is granted in favor of the defendant, the judge puts "an end to the litigation prior to trial." *Koren v. Nat'l Home Life Assur. Co*., 288 S.E. 2d 392, 394 (S.C. 1982). In the Greens' case, a special referee conducted the hearing on Walter Mortgage's motion for summary judgment and ruled for Walter Mortgage, finding that the Greens are liable to Walter Mortgage for the mortgage debt. ECF No. 26-3. The Greens appealed the decision to the South Carolina Court of Appeals, which affirmed the special referee's order, ECF No. 26-4, and later denied the Greens' petition for rehearing, ECF No. 26-5.

In the case presently before this court, the Greens again plead the same five claims against both Jim Walter and Walter Mortgage as they did in their Answer and Third-Party Complaint in the prior state court action. Because these issues were finally adjudicated in the

prior state court action, Plaintiffs are barred by the doctrine of res judicata from litigating them again.

Accordingly, Defendants' Motion for Summary Judgment (ECF No. 26) should be granted.

2. Lack of Jurisdiction over Defendant Owens

In order for a federal district court to hear and decide a case, the court must, first, have jurisdiction over the subject matter of the litigation. It is well settled that federal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and by statute. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534 (1986); *In re Bulldog Trucking, Inc.,* 147 F.3d 347, 352 (4th Cir. 1998). The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship," 28 U.S.C. § 1332.

"The district courts shall have original jurisdiction of all civil actions…between citizens of different states…." 28 U.S.C. § 1332. According to their Complaint, Plaintiffs are residents of the State of South Carolina. ECF No. 1. Owens, too, is a citizen and resident of South Carolina. ECF No. 22. Therefore, there is no diversity of citizenship between these parties, and no basis for jurisdiction under 28 U.S.C. § 1332. The district court also has subject matter jurisdiction over federal questions. Plaintiffs' allegations of breach of contract, fraud, and Unfair Trade Practices are state law questions. Likewise, even construing the Complaint liberally in favor of the pro se Plaintiffs, no federal cause of action can be ascertained from Plaintiffs' assertions that "the documents are unconscionable and should not be enforced" and that "the documents were procured by crime and should not be enforced," or any of the other allegations set forth in the Complaint. ECF No. 1. "A district

court may not rewrite a petition to include claims that were never presented, or construct the plaintiff's legal arguments for him, or 'conjure up questions never squarely presented' to the court." *Rogers v. McKinnon,* C.A. No. 4:09-cv-1939-TLW-TER, 2009 WL 4920800 (Dec. 11, 2009) (citing *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985)). Furthermore, Plaintiffs raise no issues in their Response to Motion to Dismiss that would indicate federal question jurisdiction exists. *See* ECF No. 34.

Accordingly, Defendant Owens' Motion to Dismiss (ECF No. 22) should be granted.

III. CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment filed by Defendants Jim Walter and Walter Mortgage (ECF No. 26) should be granted, and the Complaint against them should be dismissed with prejudice. The Motion to Dismiss filed by Defendant Owens (ECF No. 22) should be granted and the Complaint against him should be dismissed without prejudice. If the district judge accepts this recommendation, the case will be dismissed in its entirety.[3]

IT IS SO RECOMMENDED.

April 18, 2012  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[3] The undersigned has issued a separate order suspending deadlines in the court's Conference and Scheduling Order (ECF No. 31) pending the district judge's ruling on this R&R and mooting Plaintiffs' motions to compel (ECF Nos. 46, 57).