IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Natasha L. Green and Shilon L. Green, | Civil Action No.: 4:11-cv-02437-RBH |
| Plaintiffs, | |
| v. | **ORDER** |
| Jim Walter Home Company, LLC, Walter Mortgage Company, LLC, and James Owen, | |
| Defendants. | |

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Kaymani D. West.[1] Defendants Jim Walter Home Company, LLC and Walter Mortgage Company, LLC (collectively "the Walter entities") filed a motion for summary judgment, and Defendant James D. Owens II[2] filed a motion to dismiss for lack of subject matter jurisdiction. In the R&R, the Magistrate recommends that the Court grant the motion for summary judgment, dismissing the Walter entities *with prejudice*, and grant the motion to dismiss, dismissing Owens *without prejudice*.

**Factual Background and Procedural History**

Plaintiffs Natasha L. Green and Shilon L. Green, proceeding *pro se*,[3] filed this action on September 12, 2011. They asserted causes of action against the defendants for breach of contract,

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

[2] Owens indicated the Plaintiffs incorrectly referred to him as "James Owen" in their complaint. *See* ECF No. 22.

[3] The Court is mindful of its duty to liberally construe the pleadings of *pro se* litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *but see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

fraud, and violations of the South Carolina Unfair Trade Practices Act. The claims arose from the defendants' alleged failure to cure construction defects in Plaintiffs' home when the home failed to pass a code inspection by Chesterfield County. The Plaintiffs' failure to make payments on the construction loan ultimately led to a foreclosure on the mortgage securing the loan. Compl. 2-5, ECF No. 1.

Plaintiffs, in their complaint, alleged their address was McBee, South Carolina. They also alleged the address of all defendants to be in Columbia, South Carolina. Compl. 2. The Walter entities answered, neither admitting nor denying that their residence was in South Carolina. Answer, ECF No. 25. Owens, who admitted he resides in South Carolina, filed a motion to dismiss for lack of subject matter jurisdiction, arguing that, because Plaintiffs only raised state claims and because he and Plaintiffs are residents of South Carolina, the Court lacks complete diversity jurisdiction. Mem. in Supp. of Mot. to Dismiss 2-3, ECF No 22-1. Furthermore, the Walter entities filed a motion for summary judgment, arguing Plaintiffs' claims against them are barred by the doctrine of *res judicata* because they were previously litigated to a final determination by an arbitrator. Mot. for Summ. J. 5-6, ECF No. 26. The Magistrate Judge issued her R&R on April 18, 2012, recommending the Court grant both motions, R&R, ECF No. 61, and Plaintiffs filed timely objections, Pl.'s Objs., ECF No. 64.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## **Discussion**

The Magistrate Judge recommends granting the Walter entities' motion for summary judgment, as well as Owens's motion to dismiss. Specifically, the Magistrate Judge concludes that the doctrine of *res judicata* bars Plaintiffs' claims against the Walter entities. Moreover, she concludes the Court lacks diversity jurisdiction to hear the state claims against Owens, because he, like Plaintiffs, is a resident of South Carolina. R&R 9.

Plaintiffs raise the following objections to the R&R: (1) that the Magistrate Judge did not review the evidence, hear testimony, or review depositions before making her recommendation; (2) that the Walter entities made false representations to a special referee; (3) that the Walter entities were involved in a class action in the past and have not changed the way they do business; (4) that the Magistrate Judge misunderstood why Plaintiffs failed to post a bond in seeking to stay the foreclosure sale; and (5) that the Magistrate Judge failed to see that a special referee did not allow

them to present witnesses at the foreclosure hearing, in violation of a court order. Pl.'s Objs. 1-2. None of these objections, however, address the Magistrate Judge's findings that Plaintiffs' claims against the Walter entities are barred by the doctrine of *res judicata* or that the Court lacks subject matter jurisdiction over Plaintiffs' claims against Owens.

Most important, however, are the issues raised in Owen's motion to dismiss for lack of diversity jurisdiction. As noted above, the Court must review the Magistrate Judge's R&R for plain error, and subject matter jurisdiction may be raised *sua sponte*. *See, e.g.*, *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) ("[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings (or, more precisely, must) be raised *sua sponte* by the court."). Owens argues that, because both he and Plaintiffs are South Carolina residents, the Court lacks subject matter jurisdiction to hear Plaintiffs' claims—all state causes of action. Mem. in Supp. 2-3. Plaintiffs do not dispute this fact; indeed, they allege that South Carolina is Owens's residence in their complaint. Compl. 2.

Of course, it has long been held that, in order for a federal court to have subject matter jurisdiction over state causes of action, the parties must be *completely diverse*. 28 U.S.C. § 1332(a)(1); *see also Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). Here, Plaintiffs alleged in their complaint that all defendants are residents of South Carolina.[4]

The Court must have subject matter jurisdiction before it can rule on motions like a motion for summary judgment. *See, e.g.*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998) ("The requirement that jurisdiction be established as a threshold matter spring[s] from the nature and limits of the judicial power of the United States and is inflexible and without exception." (alteration in original) (internal quotation marks omitted)). Therefore, the Court finds error in the Magistrate

---

[4] Again, the Court notes the Plaintiffs allege the Walter entities are residents of South Carolina, an allegation that is not disputed by the Walter entities in their answer.

Judge's recommendation to the extent that she recommends dismissing the claims against the Walter entities on the basis that they are barred by the doctrine of *res judicata*. Without subject matter jurisdiction, the Court simply lacks the authority to make that determination.

## **Conclusion**

The Court has thoroughly reviewed the entire record, including the R&R, objections to the R&R, and applicable law. For the reasons stated above, the Court hereby overrules Plaintiffs' objections. The Court rejects the Magistrate Judge's recommendation to grant the Walter entities' motion for summary judgment; however, adopting the recommendation regarding Owens's motion to dismiss, the Court dismisses all claims against all defendants because there is no allegation of complete diversity in the pleadings before the Court.

**IT IS THEREFORE ORDERED** that Plaintiffs' case be **DISMISSED** *without prejudice*.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

May 30, 2012
Florence, SC